IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DANIEL LEE HOLTERMAN,

        Plaintiff,

   v.

C/O MR. D. DAVIS,

        Defendant.

Civil No. 10-1406-BR

ORDER TO DISMISS

BROWN, Judge.

    Plaintiff, an inmate at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

## BACKGROUND

Plaintiff's Complaint is largely incomprehensible. He attempts to state three separate claims for relief. In his first claim, Plaintiff alleges he is being denied access to the court. In support of this claim he states:

> We are sending into the USA court, why? have I been denied access to the courts
>     Mrs. T. Hicks
>     grievance #2010 10.053
> Mr. C/O D. Davis #9631 has changed the rules all around from the rule books why he is just security and nurses are to run the infirmary I am told by manager. Have kytes that state this.

In his second claim, Plaintiff alleges he has been denied his right to file kytes and grievances. In support of this claim he attaches a copy of a grievance returned unprocessed for the stated reason of abuse of the grievance system.

Plaintiff's third claim alleges his rights under the United States Constitution have been violated. In support of this claim he alleges "[n]o state shall deprive any person of life, liberty, or property without due process of law."

By of remedy Plaintiff asks the Court "to release me as the parole board did in 2005 Feb. 2 and not have the 120 months on it." Plaintiff also seeks money damages.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee

of a governmental entity, the court shall dismiss the case at any time if the court determines that:

> (B)  the action . . .
>
>> (I)  is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

In order to state a claim, Plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's constitutional rights. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 556-57 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." <u>Hebbe v. Pliler</u>, 611 F.3d 1202, 1205 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal

pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies.  McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987).  A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law.  L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).

## I.   Denial of Access to the Courts

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right is limited to direct criminal appeals, habeas corpus petitions, and civil rights actions.  Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance

of a litigating opportunity yet to be gained (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). To state a claim based on denial of access to the courts, a plaintiff must allege facts demonstrating that he suffered an actual injury by being shut out of court. Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351.

Plaintiff does not allege facts sufficient to establish either that he was denied access to the courts or that an actual injury resulted therefrom. Accordingly, his denial of access claim must be dismissed.

## II. Denial of Right to File Grievance

Although prison inmates do not have a "claim of entitlement to a grievance procedure," Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), "[t]he right of meaningful access to the courts extends to established prison grievance procedures." Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Retaliation by prison officials for filing grievances may violate the First Amendment. Rhodes, 408 F.3d. at 567. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of

his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Id. (footnote and citation omitted.)

Plaintiff appears to allege that the refusal to process his grievance on the basis that he abused the prison grievance process in itself violated Plaintiff's rights. Plaintiff is incorrect. Moreover, to the extent Plaintiff's second claim could be liberally construed as an attempt to allege a retaliation claim, Plaintiff fails to allege facts supporting the five basic elements cited. As such, Plaintiff's second claim must be dismissed.

**III. Due Process**

The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672-73 (1977); Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).

The Supreme Court has noted that "conduct [that] 'shocked the conscience' 'and was so 'brutal' and 'offensive' that it did not comport with traditional ideas of fair play and decency ... was offensive to [substantive] due process." Breithaupt v. Abram, 352 U.S. 432, 435 (1957) (quoting Rochin v. California, 342 U.S. 165, 172, 174 (1952)); see also United States v. Salerno, 481 U.S. 739, 746 (1987) ("[s]o-called substantive due process prevents the

government from engaging in conduct that shocks the conscience, ... or interferes with rights implicit in the concept of ordered liberty") (citations, internal quotation marks omitted).   The Supreme Court has repeatedly emphasized that "only the most egregious official conduct can be said to be arbitrary in the constitutional sense" and has opined that "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." County of Sacramento v. Lewis, 523 U.S. 833, 846, 849 (1998).

Plaintiff alleges no facts upon which a claim of violation of his procedural or substantive due process rights might be based. Accordingly, Plaintiff's fourth claim must be dismissed.

## IV.  Release from Custody

Finally, to the extent Plaintiff seeks release from custody, such relief is not available in a § 1983 civil rights action. "Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)).  "A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" Badea, 931 F.2d at 574 (quoting Preiser, 411 U.S. at 498-99).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order.

Plaintiff is advised that his amended complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific conduct Plaintiff alleges is unconstitutional. Plaintiff is advised that the amended complaint will operate as a complete substitute for the present complaint, not as a supplement. Plaintiff is cautioned that failure to file an amended complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 8th day of December, 2010.


        /s/ Anna J. Brown
        ANNA J. BROWN
        United States District Judge